IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRENCE T. COLER (TDCJ No. 1926647), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-2615-G-BN |
| DR. PITTMAN, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

This is a civil rights action brought by Terrence T. Coler, a Texas inmate appearing *pro se* and *in forma pauperis*, against a physician, Dr. Pittman, and an attorney, Vicki Rice. *See* Dkt. No. 3 at 3. Plaintiff claims that he was innocent of the charges of criminal trespass and jay walking, and that Defendants conspired to wrongfully diagnose him as mentally incompetent. *See id.* at 4. By this lawsuit, Plaintiff seeks $2,000,000 in actual damages, $200,000 in punitive damages, revocation of Dr. Pittman's medical license, and expungement of his entire court record. *See id.*

The undersigned now concludes that this action should be dismissed under 28 U.S.C. § 1915(e)(2) as frivolous.

## Legal Standards and Analysis

Complaints filed by inmates proceeding *pro se* may be dismissed as frivolous when they seek to re-litigate claims premised upon substantially the same facts arising from a common series of events upon which the plaintiff has relied in a previous lawsuit, even if the previous suit remains pending. *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989); *see also Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *Van Meter v. Morgan,* 518 F.2d 366, 367-68 (8th Cir. 1975); *Ballentine v. Crawford*, 563 F.Supp. 627, 629 (N.D. Ind. 1983).

Plaintiff's claims are virtually identical to those set forth in his previously filed case, which is currently pending on appeal. *See Coler v. Kemp,* No. 3:14-cv-237-P-BK. (N.D. Tex.) (dismissed as frivolous on April 17, 2014), *appeal docketed*, No. 14-10489 (5th Cir. Apr. 22, 2014). The instant case constitutes repetitive litigation. *See Pittman*, 980 F.2d at 995 (noting that a plaintiff is entitled to "one bite at the litigation apple - but not more").

## Recommendation

Plaintiff's complaint should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 25, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE